

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

EAG:NMA/LAB
F. #2021R01033

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 29, 2022

By ECF and E-mail

The Honorable Ramon E. Reyes
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Noel Alston
                Criminal Docket No. 22-178 (RJD)

Dear Judge Reyes:

      The government respectfully submits this letter in anticipation of the defendant's initial appearance and in support of the government's application for a permanent order of detention pending trial. On April 18, 2022, a grand jury sitting in this district returned an indictment charging the defendant, Noel Alston, with being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1). See Ex. A. Because the defendant has three prior, violent felonies, he is subject to a 15-year mandatory minimum sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). For the reasons set forth below, the government respectfully submits that the defendant is both a danger to the community and a flight risk and that there is no condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community. Accordingly, he should be detained pending trial.

    I.    Background

      a.   The Defendant's September 3, 2021 Arrest

      On September 3, 2021, two New York Police Department ("NYPD") officers arrested the defendant for possession of a loaded .40 caliber Smith & Wesson pistol, following a foot pursuit. The officers, who were conducting a routine patrol, observed the defendant double-parked in a bike lane near the intersection of Throop Avenue and Green Avenue in Bedford-Stuyvesant, Brooklyn. One of the officers ran the plate on the car, a BMW SUV, and discovered that the SUV was registered to the defendant and that the defendant was the subject of an active I-Card that gave the officers notice that there was probable cause to arrest the defendant based on

a prior incident.[1] The I-Card for the defendant related to a January 5, 2021 assault, as discussed further herein. The defendant was asked his name during the traffic stop and stated that his name was "Anthony Noel" – wherein his name is actually Noel Alston. The defendant's criminal record indicates that he has previously used various aliases similar to his legal name to avoid detection by law enforcement.[2] When the defendant was asked subsequently to step out of the vehicle, he pushed the driver's side door into one of the officers and ran down the street. The second officer pursued the defendant. As the defendant ran, he removed a .40 caliber Smith & Wesson pistol from his waistband area and threw it seconds before the pursuing officer tackled him. The .40 caliber Smith & Wesson pistol was later recovered from where it landed after the defendant discarded it.

    b. <u>The January 5, 2021 Assault</u>

On January 5, 2021, the defendant got into an argument with a store clerk at a local bodega in Brooklyn. He returned at closing time and punched the clerk in the face. The clerk suffered a broken jaw and sought medical attention at a local hospital. During the incident, the defendant also flashed a firearm and told the clerk, in sum and substance, that if he called law enforcement he would kill him. Part of the violent incident was caught on surveillance video. The still image below shows the defendant violently striking the victim, illustrated by the fact that matter was ejected from the victim's mouth by the force of the blow. The force was also so great that the victim stumbled to the ground after being hit.



---

    [1]    An I-Card is an NYPD alert notifying officers that an individual is wanted or a witness in an ongoing police investigation.

    [2]    The defendant's prior aliases include, Noel Anthony Alston, Newell Austin, Noel Alston, Noel A. Alston, Austin Newell, and Tony Alston.

c.  Procedural History

On September 9, 2021, a New York state grand jury returned an indictment charging the defendant with Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law § 265.05(3), and Attempted Assault in the First Degree, in violation of New York Penal Law §§ 120.10(1) and 110.00. The defendant testified in the grand jury. During his testimony, the defendant admitted to possessing the firearm recovered incident to the above mentioned traffic stop on September 3, 2021 (although he claimed he was only doing so temporarily). In connection with the New York state charges, the defendant was released on cash bail pending trial.

II.  The Defendant's Criminal Record

The instant indictment is indicative of the defendant's lengthy and violent criminal career. Between 1984 and 1987, the defendant was separately convicted of three different robberies, each time pleading guilty to progressively more serious charges.[3] He served a total of more than five years in prison for these offenses and was released on March 30, 1990. Three years after his release, and while he was on parole, the defendant was convicted of Attempted Criminal Possession of a Weapon in the Third Degree, in violation of New York Penal Law §§ 265.02(01) and 110.00, and was sentenced to 18 months to 3 years' imprisonment. In 1998, the defendant was convicted of Attempted Second Degree Burglary, in violation of New York Penal Law §§ 140.25(02) and 110.00. For this, he was sentenced to 12 years to life imprisonment and a lifetime of probation. The defendant was released from custody on August 31, 2010, and has since been supervised by New York state authorities.

In light of the defendant's lengthy criminal history, he is now subject to a 15-year mandatory minimum pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). That statute provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

Section 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, . . . , that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another."

---

[3] More specifically, on January 12, 1984, the defendant was convicted of Attempted Third Degree Robbery, in violation of New York Penal Law §§ 160.05 and 110.00, and sentenced to one year of imprisonment; on June 5, 1984, he was convicted of Attempted Second Degree Robbery, in violation of New York Penal Law §§ 160.10(01) and 110.00, and sentenced to one to three years' imprisonment; and, on May 8, 1987, the defendant was convicted of Attempted First Degree Robbery, in violation of New York Penal law §§ 160.15(01) and 110.00, and sentenced to four to eight years' of imprisonment.

Each of the defendant's three prior robbery convictions are a "violent felony" within the meaning of the ACCA. See United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018) (holding that all grades of New York robbery and attempted robbery are crimes of violence under the sentencing guidelines); United States v. Thomas, 765 F. App'x 553, 559 (2d Cir. 2019) ("Cases decided after Thomas's sentencing make clear that all degrees of robbery and attempted robbery under New York law constitute violent felonies within the meaning of the ACCA").

III.  Legal Standard

Federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or poses a risk of flight. See 18 U.S.C. § 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. See United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). A finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987). The government is entitled to proceed by proffer. See United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000).

The factors to be considered in determining whether the applicable standard has been met include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); see also United States v. Jacobson, 502 F. App'x 31, 32 (2d Cir. 2012).

The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "the danger that the defendant might engage in criminal activity to the detriment of the community." United States v. Millan, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

IV.  The Defendant Should Be Detained Pending Trial

As an initial matter, because the defendant is charged with a crime of violence, see 18 U.S.C. § 3142(g)(1); United States v. Watkins, 940 F.3d 152, 162 (2d Cir. 2019), the government may seek detention on the basis of dangerousness. 18 U.S.C. § 3142(f)(1)(A). For the foregoing reasons, detention pending trial is appropriate.

Each of the § 3142(g) factors weigh in favor of the defendant's detention. First, the charged offense is serious and the defendant is a danger to the community. The possession of a loaded firearm by a convicted felon presents a serious risk of danger for the self-evident reason that a firearm can and is intended to cause substantial harm. United States v. Dillard, 214 F.3d 88, 104 (2d Cir. 2000) (finding that illegal possession of a firearm by a previously convicted felon is a crime of violence because it involves a substantial risk of violence). The defendant's criminal history, and the January 5, 2021 assault, make clear his willingness to engage in physical violence. At the time of his arrest, the defendant was wanted for a serious assault which left his victim hospitalized and during which he used a firearm to intimidate the victim. Despite his lengthy criminal history, the defendant has not been deterred from unlawfully possessing firearms. In addition to posing a threat to the community, the defendant poses a distinct threat to

the victim in the state assault case, an independent basis for detention.  See 18 U.S.C. § 3142(f)(2)(B) (authorizing detention where the defendant poses a serious risk that he will "threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness").  As described above, the defendant expressly threatened that individual, stating that he would kill the victim if, as he did, reported the defendant's conduct to law enforcement.

Second, the likelihood of a lengthy sentence is incentive for the defendant to flee.  The defendant is currently facing a 15-year mandatory minimum sentence.  In addition to the video of the traffic stop, the defendant admitted to possessing the firearm recovered incident to the stop.  The high likelihood that the defendant will be convicted and sentenced to at least 15 years in prison is an incentive for him to flee before trial.  See United States v. Millan, 4 F.3d 1038, 1046 (2d Cir. 1993) (explaining that the government's strong evidence of guilt "provides a considerable additional incentive [for a defendant] to flee"); see also United States v. Blanco, 570 Fed. Appx. 76, 77 (2d Cir. 2014) (finding that a mandatory minimum sentence of five years gave the defendant "a strong motive to flee before trial").  Further, the defendant's behavior during the traffic stop shows that he is not afraid to flee from law enforcement or to give a false name to evade detection.

Third, the defendant's criminal history weighs in favor of detention as there are no condition or combination of conditions that will ensure the safety of the community.  At the age of 56, the defendant has spent over 17 years of his life in jail.  The recent charges filed against the defendant both in state and federal court show the defendant's complete disregard for the criminal justice system and the consequences for unlawful, violent behavior.  In addition to the three prior robbery convictions that qualify the defendant for enhanced sentencing under ACCA, he has prior convictions for attempted possession of a weapon and attempted burglary.  Notably, the last sentence the defendant served was for over 11 years.  The defendant's criminal record is the best evidence that he has not been deterred from committing violent crimes and will likely not be deterred unless he is detained.

V.    <u>Conclusion</u>

For all of the foregoing reasons, an order of detention should be entered pending trial.

           Respectfully submitted,

           BREON PEACE
           United States Attorney

By:    <u>/s/ Lauren A. Bowman</u>
        Nick M. Axelrod
        Lauren A. Bowman
        Assistant U.S. Attorneys
        (718) 254-6883/6047

cc:    Clerk of Court (by email and ECF)

# EXHIBIT A

DCP:NMA
F. #2021R01033

**FILED**
**4/18/2022**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

NOEL ALSTON,
    also known as "Noel Anthony
    Alston" and "Newell Austin,"

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **1:22-cr-00178 (RJD)(LB)**
(T. 18, U.S.C., §§ 922(g)(1), 924(d)(1),
924(e)(1) and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>FELON IN POSSESSION OF A FIREARM AND AMMUNITION</u>

        1.      On or about September 3, 2021, within the Eastern District of New York and elsewhere, the defendant NOEL ALSTON, also known as "Noel Anthony Alston" and "Newell Austin," knowing that he had previously been convicted in one or more courts of three or more crimes punishable by a term of imprisonment exceeding one year, each constituting a violent felony and committed on occasions different from one another, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Smith & Wesson SD40VE .40 caliber pistol bearing serial number HEL1400, and ammunition, to wit: .40 S&W caliber ammunition.

        (Title 18, United States Code, Sections 922(g)(1), 924(e)(1) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2.      The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922, including but not limited to one Smith & Wesson SD40VE .40 caliber pistol bearing serial number HEL1400, and one magazine and .40 S&W caliber ammunition contained therein, seized on or about September 3, 2021, in Brooklyn, New York.

3.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

3

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Deighton Reid*
FOREPERSON

*[signature]*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#:2021R01033
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

NOEL ALSTON,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(e)(1), 924(d)(1)
and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ *Deighton Reid*
*Foreperson*

Filed in open court this _____ day,

of _____ A.D. 20 _____

*Clerk*

Bail, $ _____

*Nick M. Axelrod, Assistant U.S. Attorney (718) 254-6883*