UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

       -against-　　　　　　　　　　　　　　　　　　**NOTICE OF MOTION**
　　　　　　　　　　　　　　　　　　　　　　　　22-CR-178 (RJD)
NOEL ALSTON,

       Defendant
------------------------------------------------------X

      PLEASE TAKE NOTICE that upon the annexed declaration of Samuel I. Jacobson, Esq., of The Federal Defenders of New York, and all papers and proceedings heretofore and herein, Mr. Alston will move this Court, before the Honorable Raymond J. Dearie, in the United States District Court for the Eastern District of New York, on November 29, 2022 at 11:00a.m. or as soon thereafter as counsel may be heard, for an ORDER:

      1. Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure suppressing tangible evidence seized as a result of Mr. Alston's stop and arrest, as well as all fruits of the illegal seizure;

      2. For such other and further relief as this Court may deem just and proper, including granting an evidentiary hearing on this motion.

DATED:    September 26, 2022
              Brooklyn, NY

                                      Respectfully Submitted,

                                      _____/s/_____
                                      Samuel I. Jacobson
                                      Counsel to Noel Alston
                                      Federal Defenders of New York, Inc.

Cc:    all counsel of record (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA

       -against-

          **DECLARATION**

Noel Alston,                                                   22-CR-178 (RJD)

            Defendant
-----------------------------------------------------X

    I, Samuel I. Jacobson, Esq., hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

    1. I am an attorney employed by the Federal Defenders of New York, Inc., and am the attorney of record assigned to represent Mr. Noel Alston.

    2. This declaration is submitted in support of Mr. Alston's motion for an order suppressing tangible evidence.

    3. This declaration is based upon information and belief, derived from independent investigation, interviews, discovery materials, and the court papers.

## FACTUAL BACKGROUND

    4. On the evening of September 3, 2021, two NYPD officers were driving on Throop Avenue and, as they approached Greene Avenue, observed Mr. Alston's vehicle positioned near the shoulder of the road and immediately in front of a food market. The officers proceeded to initiate a traffic stop by turning on their vehicle lights and sirens.

    5. The officers then exited their vehicle and approach the vehicle they stopped, which was occupied by Mr. Alston and two passengers.

    6. One of the officers asked Mr. Alston for his identification, and instructed him to exit the vehicle.

7. After exiting the vehicle, Mr. Alston began running down Throop Avenue towards Van Buren Street. The two officers proceeded to pursue Mr. Alston, and repeatedly threatened to shoot him. On September 9, 2021, one of the officers testified in the state grand jury proceedings that he saw Mr. Alston toss a firearm into the street during their pursuit of him. Mr. Alston further testified in the state grand jury proceedings that he had possessed the firearm.

8. Seconds later, a pursuing officer tackled Mr. Alston. The officers then placed Mr. Alston in handcuffs and moved him into a police car.

9. The officers subsequently recovered a firearm in the vicinity of the location where Mr. Alston had been apprehended.

10. Upon information and belief, and based on independent investigation and my review of the discovery, the officers did not have reasonable suspicion to support their initial stop of Mr. Alston. A hearing is warranted to resolve this dispute.

WHEREFORE, it is respectfully submitted that this Court should issue an order suppressing the firearm.

DATED: September 26, 2022
Brooklyn, NY

Respectfully Submitted,

Samuel I. Jacobson
Counsel to Noel Alston
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
(718) 407-7429

Cc:   all counsel of record (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA

      -against-                                    **MEMORANDUM OF LAW**
                                                   22-CR-178 (RJD)

NOEL ALSTON,

               Defendant
-------------------------------------------------------X

## MOTION TO SUPPRESS TANGIBLE EVIDENCE

      Noel Alston stands before the Court charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). Mr. Alston anticipates that, at trial, the government will seek to introduce a firearm and ammunition recovered from the street in vicinity of the location where Mr. Alston was tackled by police and subsequently arrested.

      Mr. Alston, through undersigned counsel, moves for an order suppressing all items of tangible evidence seized in connection with law enforcement's illegal stop, seizure, and arrest, with neither reasonable suspicion nor probable cause. NYPD officers conducted this illegal stop and arrest in violation of the Fourth Amendment.

      This motion is based upon the memorandum of law, the attached declaration, the files and records in this case, and any additional evidence that may become available to the Court.

**ARGUMENT**

I. **THE COURT SHOULD SUPPRESS ANY TANGIBLE OBJECTS RECOVERED AS A RESULT OF MR. ALSTON'S STOP WITHOUT REASONABLE SUSPICION AND ARREST WITHOUT PROBABLE CAUSE.**

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV; *Welsh v. Wisconsin*, 466 U.S. 740, 748-50 (1984). Warrantless searches and seizures are *per se* unreasonable under the Fourth Amendment, subject to limited exceptions. *Katz v. United States*, 389 U.S. 347 (1967). For an arrest to be lawful under the Fourth Amendment, it "must be predicated on probable cause." *United States v. Marin*, 669 F.2d 73, 81 (2d Cir. 1982). The unwarranted stop of Mr. Alston's vehicle was not justified by any lawful suspicion of criminal activity. Therefore, any evidence recovered as a result of the unlawful stop is suppressible as fruit of the poisonous tree, as a violation of the Fourth Amendment of the United States Constitution. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

Seizures happen when an officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). The rule is that, "a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 439 (1991).

A short investigatory stop, to be lawful under the Fourth Amendment, must be supported by reasonable suspicion that a person was committing or had committed a criminal offense. *See Arizona v. Johnson*, 555 U.S. 323 (2009). An officer can only "stop and briefly detain a person if the officer has a reasonable suspicion 'that criminal activity may be afoot.'" *United States v. Bayless*, 201 F.3d 116, 132 (2d Cir. 2000) (quoting *Terry*, 392 U.S. at 30). A reasonable basis

for such a stop demands "specific and articulable facts which, taken together with rational inferences from those facts," *Terry*, 392 U.S. at 27, provide officers with a "particularized and objective basis for suspecting wrongdoing," *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). Furthermore, "it is an elementary maxim that a search, seizure or arrest cannot be retroactively justified by what is uncovered." *United States v. Como*, 340 F.2d 891, 893 (2d Cir. 1965).

Mr. Alston was seized for Fourth Amendment purposes when the officers initiated a traffic stop on his vehicle by activating their vehicle lights and made it clear that he was not free to terminate the encounter. The officers' stated justification for the stop, provided in discovery in state grand jury testimony, was that Mr. Alston's vehicle was in a bicycle lane. New York City traffic law states that "no person shall stop, stand, or park a vehicle" in a bicycle lane unless "at the direction of a law enforcement officer." 34 R.C.N.Y 4-08(e). City traffic law prohibits persons from driving a vehicle "on or across a designated bicycle lane, except when it is reasonable and necessary:" "to enter or leave a curbside parking space," "cross an intersection," "make a turn within an intersection," "or comply with the direction of any law enforcement officer or other person authorized to enforce this rule." 34 R.C.N.Y 4-12(p)(2).

At no time was Mr. Alston's vehicle unlawfully located in a bike lane, unless at the direction of the NYPD after the stop was initiated. Thus, there was no basis for the traffic stop, and the seizure of Mr. Alston during the stop was in violation of the Fourth Amendment. Should the government dispute these facts, a hearing is warranted to resolve the dispute.

Any evidence obtained as the result of an unreasonable search or seizure cannot be introduced as evidence of a defendant's guilt. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1983). Because the stop and subsequent arrest of Mr. Alston was unreasonable, all evidence alleged to have been obtained in connection with the stop, seizure, and arrest must be suppressed.

3

This evidence includes the firearm and ammunition recovered at the scene of the arrest, and any tangible evidence recovered later at the precinct. Statements made by Mr. Alston subsequent to the stop should similarly be suppressed as fruits of the illegal seizure. *See Dunaway v. New York*, 442 U.S. 200, 218 (1979); *Wong Sun*, 371 U.S. at 484-88.

## II.     ALL TANGIBLE EVIDENCE AND FRUITS OF THE ILLEGAL STOP MUST BE SUPPRESSED.

Because the warrantless stop, seizure, and arrest of Mr. Alston were made without reasonable suspicion or probable cause, any evidence recovered from this interaction—including both physical evidence and post-arrest statements—must be suppressed as fruit of the illegality. *Id*. at 471.

## CONCLUSION

For the foregoing reasons, Mr. Alston respectfully requests that the Court suppress all tangible evidence in this case.

DATED:      September 26, 2022
            Brooklyn, NY

                                        Respectfully Submitted,

                                        _____/s/_____
                                        Samuel I. Jacobson
                                        Counsel to Noel Alston
                                        Federal Defenders of New York, Inc.
                                        One Pierrepont Plaza, 16th Floor
                                        Brooklyn, NY 11201
                                        (718) 407-7429

Cc:   all counsel of record (via ECF)
      Noel Alston (via Mail)

4